**In the Matter of John DESMOND.**

**No. C3–85–2215.**

Supreme Court of Minnesota.

June 20, 1986.

Patrick W. Kelly, Minneapolis, for appellant.

John R. Owen, Asst. Hennepin Co. Atty., Minneapolis, Hubert H. Humphrey, III, Atty. Gen., and Julie K. Harris, Sp. Asst., Atty. Gen., St. Paul, for respondent.

WAHL, Justice.

John Desmond, a mentally retarded adult committed to Faribault State Hospital, appeals a decision of the court of appeals 381 N.W.2d 57, affirming a trial court order continuing his commitment indeterminately and holding the statutory provision for indeterminate commitment of mentally retarded persons, Minn.Stat. § 253B.13, subd. 2 (Supp.1985), constitutional. We accepted certification of two questions from the court of appeals: (1) Does indeterminate commitment under Minn.Stat. § 253B.13, subd. 2 (Supp.1985) deny mentally retarded persons due process or equal protection of law under the federal or state constitutions?; and (2) Must a guardian ad litem be appointed on behalf of an indeterminately committed mentally retarded person either to protect the patient's constitutional right to due process or in "the interests of justice" pursuant to Minn.R.Civ. Commitment 13.01?

We considered and decided these issues in the recent cases of *In Re Harhut*, 385 N.W.2d 305 (Minn.1986) (Minn.Stat.

§ 253B.13, subd. 2 (Supp.1985)) (permitting indeterminate commitment of mentally retarded persons does not violate state or federal constitutional protections of equal protection or due process provided certain procedural protections are added) and *In Re Fredrickson*, —— N.W.2d —— (Minn., filed June 6, 1986) (guardian ad litem need not be appointed to protect the due process rights of an indeterminately committed mentally retarded person). *Harhut* and *Fredrickson* control this case. We therefore answer the certified questions in the negative and affirm the decision of the court of appeals, incorporating the proce-

dural protections mandated by our decision in *Harhut.*[1]

Affirmed as modified.

---

1. *Harhut* requires that: (1) the indeterminately committed mentally retarded patient be continuously represented by counsel throughout the period of commitment; and (2) that such patients receive a judicial review every three years in which the state carries the burden of proof. *Harhut,* 385 N.W.2d at 312.